ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   O. Andrew Wheaton (# 151811)
      awheaton@afrct.com
2   Yaw-Jiun (Gene) Wu (# 228240)
      gwu@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764
6
    Attorneys for Defendant
7   WELLS FARGO BANK, N.A., successor
    by merger with Wells Fargo Bank
8   Southwest, N.A., f/k/a Wachovia Mortgage,
    FSB, f/k/a World Savings Bank, FSB
9   ("Wells Fargo")

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13   JO ANN KINGSTON, an individual,,          CASE NO.: 13-CV-04181-JD

14              Plaintiff,                      DEFENDANT WELLS FARGO'S NOTICE
                                                OF MOTION AND MOTION TO DISMISS
15        v.                                    PLAINTIFF'S FIRST AMENDED
                                                COMPLAINT; MEMORANDUM OF
16   WELLS FARGO HOME MORTGAGE,                 POINTS AND AUTHORITIES

17              Defendants.                      Date:    March 18, 2015
                                                 Time:    9:30 a.m.
18                                               Ctrm.:   11

19                                              [Assigned to the Hon. James Donato]

20
    TO PLAINTIFF JO ANN KINGSTON AND HER ATTORNEY OF RECORD:
21
          PLEASE TAKE NOTICE that on March 18, 2015, at 9:30 a.m. in Courtroom 11 of the
22
    above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, the
23
    Honorable James Donato presiding, defendant Wells Fargo Bank, N.A., successor by merger to
24
    Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank,
25
    FSB ("Wells Fargo") will and hereby does move the Court to dismiss plaintiff Jo Ann
26
    Kingston's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on
27
    the grounds that the amended complaint fails to state a claim upon which relief can be granted,
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   specifically:

2          1.      First Claim for Relief: Negligence.

3          Plaintiff failed to state a claim for relief because:(i) as plaintiff's lender, Wells Fargo did

4   not owe her a tort duty of care; and (ii) plaintiff failed to allege a factual or legal basis for the

5   claim for relief.

6          In the alternative to its motion to dismiss, Wells Fargo hereby moves for an order

7   directing plaintiff to file a more definite statement of her claim pursuant to Federal Rule of Civil

8   Procedure 12(e), as the amended complaint is vague and ambiguous and fails to comply with

9   Federal Rule of Civil Procedure 8(a)(2).

10          This motion is based on this notice of motion, Memorandum of Points and Authorities,

11   Request for Judicial Notice, the Court's records in this matter, the arguments of the parties and

12   counsel, and other evidence and argument that may be presented prior to the Court's decision on

13   the motion.

14

15                                        Respectfully submitted,

16   Dated:  January 29, 2015            ANGLIN, FLEWELLING, RASMUSSEN,
                                          CAMPBELL & TRYTTEN LLP
17

18                                        By:  ___/s/ O. Andrew Wheaton_____
                                              O. Andrew Wheaton
19                                            Attorneys for Defendant
                                          WELLS FARGO BANK, N.A., successor by
20                                        merger with Wells Fargo Bank Southwest, N.A.,
                                          f/k/a Wachovia Mortgage, FSB, f/k/a World
21                                        Savings Bank, FSB ("Wells Fargo")

22

23

24

25

26

27

28

CASE NO.  3:13-CV-04181-JD
MOTION TO DISMISS FAC

1

2

## TABLE OF CONTENTS

Page

3  MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

4  1.     INTRODUCTION ................................................................................................1

   2.     SUMMARY OF THE COMPLAINT AND  JUDICIALLY NOTICEABLE
5         DOCUMENTS.........................................................................................................3

6         A.      The Loan. ....................................................................................................3

          B.      Plaintiff's Default.........................................................................................4

7         C.      Plaintiff's Initial Complaint. .....................................................................4

8         D.      Stipulations to Extend the time for Plaintiff to Amend and her Agreement
                  to Dismiss the Current Action.......................................................................4

9         E.      Plaintiff's Loan Was Modified. ....................................................................5

10 3.     LEGAL STANDARD............................................................................................5

   4.     PLAINTIFF'S NEGLIGENCE CLAIM MUST FALL BECAUSE OF THE
11        LACK OF A TORT DUTY ..................................................................................6

12 5.     PLAINTIFF HAS NO RIGHT TO A LOAN MODIFICATION ......................8

   6.     PLAINTIFF'S COMPLAINT IS NOT PLED WITH THE REQUISITE DEGREE
13        OF PARTICULARITY ........................................................................................9

14 7.     CONCLUSION......................................................................................................9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3 **FEDERAL CASES**

4 *Aleem v. Bank of Am.*,
    2010 U.S. Dist. LEXIS 11944 (C.D. Cal. 2010)......................................................................8

5

6 *Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................6

7 *Badame v. JP Morgan Chase Bank, N.A.*,
    2014 U.S. Dist. LEXIS 22164 (C.D. Cal. Feb. 13, 2014).......................................................6

8

9 *Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).....................................................5, 6

10

11 *Casault v. Federal Nat. Mortg. Ass'n*,
    915 F.Supp.2d 1113 (C.D. Cal. 2012) .....................................................................................6

12 *Collier v. Aramark Food Servs.*,
    2011 U.S. Dist. LEXIS 78121 (E.D. Cal. July 18, 2011) ........................................................9

13

14 *Hoffman v. Bank of America, N.A.*,
    2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) ........................................................8

15

16 *Jones v. Community Redev. Agency*,
    733 F.2d 646 (9th Cir. 1984) ...................................................................................................9

17 *Metzger v. Wells Fargo Bank, N.A.*,
    2014 U.S. Dist. LEXIS 59427 (C.D. Cal. Apr. 28, 2014) .......................................................6

18

19 *Villa v. Wells Fargo Bank, N.A.*,
    2010 U.S. Dist. LEXIS 23741, ** 6-7 (S.D. Cal. March 15, 2010) .........................................8

20

21 *Williams v. Wells Fargo Bank, NA*,
    2014 U.S. Dist. LEXIS 17215 (C.D. Cal. Jan. 27, 2014) ........................................................7

22 **STATE CASES**

23 *Alvarez v. BAC Home Loans Servicing, L.P.*,
    228 Cal. App. 4th 941 (2014) ...............................................................................................2, 7

24

25 *Eddy v. Sharp*,
    199 Cal. App. 3d 858 (1988) ....................................................................................................6

26

27 *Lueras v. BAC Home Loans Servicing, LP*,
    221 Cal. App. 4th 49 (2013) ..................................................................................................6, 7

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Mabry v. Superior Court*,
    185 Cal. App. 4th 208 (2010) ............................................................................................8

*Nymark v. Heart Federal Savs. & Loan Ass'n.*,
    231 Cal. App. 3d 1089 (1991) ...........................................................................................6

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*,
    49 Cal. App. 4th 472 (1996) .............................................................................................6

**STATE STATUTES**

Cal. Civ. Code § 2923.5.........................................................................................................8

Cal. Civ. Code § 2923, *et seq*...............................................................................................4

**RULES**

Fed. R. Civ. P. 8(a)(2)...........................................................................................................9

Fed. R. Civ. P. 12(b)(6).........................................................................................................5

Fed. R. Civ. P. 12(e) .............................................................................................................9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:   3:13-CV-04181-JD
TABLE OF AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**1.     INTRODUCTION**

3       This action arises out of a secured loan made by World Savings Bank, FSB ("World

4 Savings") to plaintiff Jo Ann Kingston -- who has been an active member of the California Bar

5 since 1976 -- to finance the purchase of an Oakland home.  By way of her initial charge, plaintiff

6 alleged that her efforts in 2013 to modify her loan with Wells Fargo were unproductive.  In

7 particular, plaintiff alleged: "Defendants, as a pattern and practice, refused to modify [her] loan .

8 . ." (Complaint "(Compl.), p. 7:7-9.)

9       On September 16, 2013, Wells Fargo filed a motion to dismiss plaintiff's complaint.

10 (Document 6.)  By way of that motion, *inter alia*, Wells Fargo argued that since there is no legal

11 right to a loan modification under the Home Affordable Modification Program ("HAMP"),

12 plaintiff's attempt to seek a judicially compelled loan modification and/or resulting damages was

13 unsustainable.

14       On October 16, 2013, a stipulation and proposed order was filed with the court, pursuant

15 to which plaintiff withdrew her request for a preliminary injunction and the parties stipulated that

16 plaintiff could file First Amended Complaint. (Document 24.)  As a condition of that stipulation,

17 Wells Fargo agreed to "review [plaintiff's] loan modification[,] the appeal and denial issued on

18 July 22, 2013" and plaintiff was given until December 13, 2013, to file a First Amended

19 Complaint. (*Id*. at pp. 2:18-19:13.)  That stipulation was approved by the court. (Document 25.)

20       Over the next several months, similar stipulations were filed and approved by the court,

21 which generally provided that Wells Fargo would continue with the loan modification review

22 process and the deadline for plaintiff to file a First Amended Complaint would be continued – all

23 in the hope that the parties' grievances would be resolved without any further judicial

24 intervention.  In the most recent stipulation, which was filed on September 8, 2014, the parties

25 advised this Honorable Court that the prospects for a resolution were very hopeful because the

26 loan modification process was coming to a conclusion.  At that time, the parties represented to

27 the court:

28 / / /

CASE NO.:  3:13-CV-04181-JD
MEMO. OF POINTS & AUTHORITIES

1   **WHEREAS**, Wells Fargo has reviewed plaintiff's loan modification

2   application and tentatively agreed to grant a loan modification, subject to plaintiff

3   successfully completing a trial payment plan. The final payment under the trial

4   payment plan is due November 1, 2014. It is anticipated that plaintiff will be

5   offered a permanent loan modification upon successful completion of the trial

6   payment plan;

7   **WHEREAS**, plaintiff has agreed to dismiss the lawsuit upon being

8   offered a permanent loan modification. Therefore, further litigation would

9   needlessly consume the resources of the parties and the Court.

10  (Document 42, p. 2:3-10.)

11  In late 2014, plaintiff was offered and executed a loan modification agreement.

12  Consistent with prior representations made to the Court, it was anticipated that plaintiff would

13  comply with her agreement to "dismiss the lawsuit upon being offered a permanent loan

14  modification." (Document 42, p. 2:8-9.) Plaintiff did not. Instead, on January 16, 2015,

15  plaintiff filed her First Amended Complaint (the "FAC"). (Document 44.)

16  In the FAC, plaintiff conceded that her loan was modified. (FAC, p. 3.)[1]

17  Notwithstanding, plaintiff contends that she has a viable claim for negligence against Wells

18  Fargo premised on the contention that the loan modification agreement she voluntarily accepted

19  is less favorable than a loan modification under HAMP.

20  Plaintiff's sole claim for relief for negligence is premised on the California Court of

21  Appeal's decision in *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941 (2014).

22  Plaintiff's reliance on *Alvarez* is misplaced, as that case addressed a situation where a borrower

23  was given misinformation about the loan modification process, which resulted in the subject

24  property being sold at foreclosure sale.

25

26

27

28  [1]    In violation of Local Rule 3-4 (c)(1), the FAC does not contain numbered lines.
Accordingly, the references to the FAC solely reference the page number.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.: 3:13-CV-04181-JD
                                                    MEMO. OF POINTS & AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1      In the current action, plaintiff's sole grievance is that she should have been granted a

2  more favorable loan modification. Since there is no right to a loan modification, there is no right

3  to a specific type of loan modification and/or specific terms.

4      As briefed below, the most benevolent reading of plaintiff's amended charging pleading

5  will lead to the conclusion that she has not and cannot state any viable claims for relief.

6  Accordingly, Wells Fargo requests that the Court grant this motion to dismiss, in its entirety,

7  without leave to amend.

8                    2.     **SUMMARY OF THE COMPLAINT AND**

9                        **JUDICIALLY NOTICEABLE DOCUMENTS**

10  **A.     The Loan.**

11      In 1976, plaintiff was admitted to practice law in California and assigned Bar No. 71496.

12  On April 17, 2007, plaintiff borrowed $500,000 from World Savings secured by a deed of trust

13  recorded against the real property and improvements commonly known as 3934 Greenwood

14  Avenue, Oakland, California 94602 (the "Property"). (Request for Judicial Notice ("RJN"), as

15  Ex. A.)

16      In January 2008, World Savings changed its name to Wachovia Mortgage, FSB. It

17  subsequently changed its name to Wells Fargo Bank Southwest, N.A., and, in November 2009,

18  merged into Wells Fargo Bank, N.A. (RJN, Exs. B, C, D and E are true and correct copies of: (i)

19  a Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift

20  Supervision, Department of the Treasury ("OTS"), (ii) a letter dated November 19, 2007, on the

21  letterhead of the OTS authorizing a name change from World Savings Bank, FSB to Wachovia

22  Mortgage, FSB, (iii) the Charter of Wachovia Mortgage, FSB, dated December 31, 2007 signed

23  by the OTS, and (iv) an Official Certification of the Comptroller of the Currency stating that,

24  effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank

25  Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.)

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.   Plaintiff's Default.**

As a result of plaintiff's default, on March 23, 2012, a Notice of Default was recorded. (RJN, Ex. F.)  The Notice of Default advised plaintiff that as of March 21, 2012, the sum of $18,281.95 was overdue.  On August 7, 2013, a Notice of Trustee's Sale was recorded, which advised plaintiff that unless she undertook efforts to protect the Property, it could be sold at public auction on August 29, 2013. (RJN, Ex. G.)

**C.   Plaintiff's Initial Complaint.**

On August 26, 2013, plaintiff commenced this action in the Alameda County Superior Court.  On September 9, 2013, Wells Fargo removed the case to federal court.

In her initial charge, plaintiff pled claims styled: (a) Bad Faith; (b) Violation of California Civil Code § 2923, *et seq.*; and (c) Injunctive Relief. (Document 1.)  In her charging pleading, plaintiff generally alleged that her efforts to modify her loan with Wells Fargo were unproductive.  Plaintiff indicated that she "seeks equitable relief such that defendants to do what they should have done in good faith, and modify her mortgage with reasonable terms." (Document 1, p. 31:10-12.)

**D.   Stipulations to Extend the time for Plaintiff to Amend and her Agreement to Dismiss the Current Action.**

Beginning on October 16, 2013, in efforts to resolve their differences and disputes without any further judicial intervention, the parties filed stipulations with the Court. (Document 24.)  In particular, the parties stipulated in pertinent part:

2.   Wells Fargo shall review the loan modification the appeal and denial issued on July 22, 2013;

* * *

6.   Plaintiff's first amended complaint shall be filed on or before December 13, 2013, and if not filed on or before that date, this action shall be dismissed with prejudice; and

7.   Wells Fargo's motion to dismiss the current complaint is withdrawn.

CASE NO.:  3:13-CV-04181-JD
MEMO. OF POINTS & AUTHORITIES

1    (Document 24: pp 2:18- 3:3.)

2        Similar stipulations were filed and approved by the Court. (Documents 26, 27, 29, 30, 31,

3    33, 34, 35, 36, 37, 38, 39 and 41.)  On September 8, 2014, a stipulation was filed which provided

4    in part:

5        WHEREAS, Wells Fargo has reviewed plaintiff's loan modification

6    application and tentatively agreed to grant a loan modification, subject to plaintiff

7    successfully completing a trial payment plan.  The final payment under the trial

8    payment plan is due November 1, 2014.  It is anticipated that plaintiff will be

9    offered a permanent loan modification upon successful completion of the trial

10   payment plan;

11       WHEREAS, plaintiff has agreed to dismiss the lawsuit upon being offered

12   a permanent loan modification.  Therefore, further litigation would needlessly

13   consume the resources of the parties and the Court.

14                                    * * *

15       IT IS HEREBY STIPULATED as follows, subject to the Court's consent:

16   Plaintiff shall have until January 16, 2015 to file her first amended complaint.

17   (Document 42, p. 2:3-15.)

18       On August 8, 2014, the parties' stipulation was approved by the court. (Document 43.)

19   **E.    Plaintiff's Loan Was Modified.**

20       As conceded in the FAC, plaintiff's loan was modified. (Document 44, p. 7.)  Despite

21   plaintiff's recent promise "to dismiss the lawsuit upon being offered a permanent loan

22   modification" on January 16, 2015, plaintiff filed the FAC.

23                          **3.    LEGAL STANDARD**

24       A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be brought when a plaintiff fails

25   to state a claim upon which relief can be granted.  While a complaint attacked by a Rule 12(b)(6)

26   motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds

27   of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

28   of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  "Factual allegations must be enough to raise a

2   right to relief above the speculative level on the assumption that all of the complaint's allegations

3   are true." *Id.*; *see also, Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (a claim has "facial

4   plausibility" if the plaintiff pleads facts that "allow [] the court to draw the reasonable inference

5   that the defendant is liable for the misconduct alleged.")

6   **4.    PLAINTIFF'S NEGLIGENCE CLAIM MUST FALL BECAUSE OF THE LACK OF**

7   **A TORT DUTY**

8           According to plaintiff, Wells Fargo negligently and intentionally "failed to meet its duty

9   or care in its consideration of Plaintiff's HAMP application." (FAC, p. 9.)  "The determination of

10  whether a duty exists is primarily a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864

11  (1988).  "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design*

12  *and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996).

13          A lender does not owe a borrower a tort duty of care. *Nymark v. Heart Federal Savs. &*

14  *Loan Ass'n.*, 231 Cal. App. 3d 1089, 1095 (1991) ("[A]s a general rule, a financial institution

15  owes no duty of care to a borrower when the institution's involvement in the loan transaction

16  does not exceed the scope of its conventional role as a mere lender of money."); *see also*,

17  *Metzger v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 59427, at * 21 (C.D. Cal. Apr. 28,

18  2014) (citing *Nymark, supra*).  In *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th

19  49 (2013), the Court of Appeal held:  "We conclude a loan modification is the renegotiation of

20  loan terms, which falls squarely within the scope of a lending institution's conventional role as a

21  lender of money . . . The *Biakanja* factors do not support imposition of a common law duty to

22  offer or approve a loan modification… [or] a duty of care to handle [a borrower's] loan in such a

23  way to prevent foreclosure and forfeiture of his property."  *Id.* at 67-68.  *Lueras* represents the

24  approach of California courts as to lender-borrower activities, including servicing, modification,

25  and foreclosure. *See, e.g, Casault v. Federal Nat. Mortg. Ass'n*, 915 F.Supp.2d 1113, 1130-31

26  (C.D. Cal. 2012) ("modifying the terms of a loan is intimately tied to Defendant's lending

27  role.").  Subsequent district court cases agree. *See, e.g., Badame v. JP Morgan Chase Bank, N.A.*,

28  2014 U.S. Dist. LEXIS 22164, at ** 19-20 (C.D. Cal. Feb. 13, 2014) ("the Court concludes that

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Chase had no duty of care when considering Plaintiffs' request for a loan modification …

2    According to the California Court of Appeal in *Lueras*:  'The Biakanja factors do not support

3    imposition of a common law duty to offer or approve a loan modification'"); *Williams v. Wells*

4    *Fargo Bank, NA*, 2014 U.S. Dist. LEXIS 17215, at * 21 (C.D. Cal. Jan. 27, 2014) ("However, in

5    *Lueras*, the California Court of Appeal concluded that the Biakanja factors do not support the

6    imposition of a common law duty in the context of loan modification").

7            In her charging pleading, plaintiff cited *Alvarez v. BAC Home Loans Servicing, L.P.*, 228

8    Cal. App. 4th 941 (2014), a case where the California Court of Appeal found that a lender owed

9    a borrower a duty of care in reviewing a loan modification application, once the lender agreed to

10   consider the borrower's request.  "Here, because defendants allegedly agreed to consider

11   modification of the plaintiffs' loans, the Biakanja factors clearly weigh in favor of a duty.  The

12   transaction was intended to affect the plaintiffs and it was entirely foreseeable that failing to

13   timely and carefully process the loan modification applications could result in significant harm to

14   the applicants." *Id*. at 948.

15          The *Alvarez* decision represents a minority view.  Moreover, in *Alvarez,* the California

16   Court of Appeal noted that plaintiffs specifically alleged that they were harmed by their lender's

17   failure to properly review their loan modification request. *Id*. at 948-949.  "Plaintiffs allege that

18   the mishandling of their applications 'caus[ed] them to lose title to their home, deterrence from

19   seeking other remedies to address their default and/or unaffordable mortgage payments, damage

20   to their credit, additional income tax liability, costs and expenses incurred to prevent or fight

21   foreclosure, and other damages.'" *Id*.

22          In this case, dissimilar to the completed trustee's sale in *Alvarez,* plaintiff did not lose her

23   home and her loan was modified. (FAC, p. 7.)  There is nothing here to suggest that Wells Fargo

24   did anything that exceeded the scope of its conventional role as a mere lender of money.  There

25   is no allegation that the parties had more than a traditional lender-borrower relationship at any

26   time during the successful loan modification process. Simply put, the alleged mishandling of

27   documents did not cause plaintiff lose title to the Property.  The loan modification process –

28   although she contends that it was flawed – resulted in plaintiff obtaining a loan modification.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

### 5. **PLAINTIFF HAS NO RIGHT TO A LOAN MODIFICATION**

2      Beyond plaintiff's current protestations regarding conflicting real estate appraisals and

3   the alleged mishandling of documents, plaintiff's central grievance is that she should have

4   received a more favorable loan modification. According to plaintiff, a more favorable

5   modification "would result in monthly payments some $400 to $500 less than the payments

6   under the MAP2R modification . . ." (FAC, p. 7.)

7      The law is clear that plaintiff had no right to a loan modification under any codified

8   laws, including HAMP. *See Mabry v. Superior Court,* 185 Cal. App. 4th 208, 222-223, 231

9   (2010) (holding that there is no right to a loan modification under Civil Code §§ 2923.5 or

10   2923.6; "As mentioned above, there is no right, for example, under [Civil Code Section 2923.5],

11   to a loan modification.") "[L]enders are not required to make loan modifications for borrowers

12   that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the

13   borrower." *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, *15 (N.D. Cal.

14   June 30, 2010); *see also, Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, ** 6-7

15   (S.D. Cal. March 15, 2010). "To the contrary, the existing case law weighs decisively in favor of

16   defendant: numerous district courts have interpreted identical HAMP agreements and have come

17   to the conclusion that a borrower is not a third party beneficiary." *Hoffman v. Bank of Am., N.A.*,

18   2010 U.S. Dist. LEXIS 70455, at * 9.

19      Hence, a borrower has no standing to sue its lender for a violation of the lender's HAMP

20   agreement. *See, e.g., Aleem v. Bank of Am.*, 2010 U.S. Dist. LEXIS 11944, ** 8-10 (C.D. Cal.

21   2010). Since plaintiff has no rights under HAMP and has no standing to pursue a claim for

22   violation of HAMP, plaintiff cannot maintain a claim against Wells Fargo based its denial to

23   grant a HAMP modification.

24   / / /

25   / / /

26   / / /

27

28

CASE NO.: 3:13-CV-04181-JD
MEMO. OF POINTS & AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**6.     PLAINTIFF'S COMPLAINT IS NOT PLED WITH THE**

**REQUISITE DEGREE OF PARTICULARITY**

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." "Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims." *Collier v. Aramark Food Servs.*, 2011 U.S. Dist. LEXIS 78121, at * 6 (E.D. Cal. July 18, 2011).

Should any of plaintiff's sole claim survive the 12(b)(6) challenge, Wells Fargo requests, in the alternative, that the Court require a more definite statement from plaintiff pursuant to Federal Rule of Civil Procedure 12(e).

**7.     CONCLUSION**

For the foregoing reasons, Wells Fargo requests an order granting its motion to dismiss without leave to amend.

Respectfully submitted,

Dated:  January 29, 2015

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:   /s/ O. Andrew Wheaton
     O. Andrew Wheaton
     Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**CERTIFICATE OF SERVICE**

2

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.

3
I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

4

5

On the date below, I served a copy of the foregoing document entitled:

6
**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

7

8
on the interested parties in said case as follows:

9
**Served Via the Court's CM/ECF System**

10
*Attorneys for Plaintiff:*

11
Robert Bloom, Esq.
1514 10th Street

12
Berkeley, CA 94710
Tel:  510.898.1928

13
*bbloom222@hotmail.com*

14

15
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar

16
of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on January 29, 2015

17

18
|  Kimberly Wooten  |  */s/ Kimberly Wooten*  |
| --- | --- |
|  (Type or Print Name)  |  (Signature of Declarant)  |

19

20

21

22

23

24

25

26

27

28

93000/FR1091/00722719-2

1

CASE NO.:  3:13-CV-04181-RS
CERTIFICATE OF SERVICE