UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANN KINGSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>    Defendant. | Case No. 13-cv-04181-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 71 |

Plaintiff Jo Ann Kingston alleges that defendant Wells Fargo Home Mortgage ("Wells Fargo") negligently and intentionally failed to meet its duty of care when handling her application for a home mortgage loan modification. Dkt. No. 44. Wells Fargo previously moved to dismiss plaintiff's amended complaint for failure to state a claim. Dkt. No. 45. The Court denied the motion without prejudice pending a settlement conference with a magistrate judge, with an eye toward renewal of the motion if the parties did not settle. Dkt. No. 67. After two unsuccessful rounds of settlement conferences, defendant has renewed its motion to dismiss the amended complaint for failure to state a claim. Dkt. No. 71. The motion is granted with leave to amend.

## BACKGROUND

As alleged in the amended complaint, Kingston has a mortgage with Wells Fargo on property in California. She sought a loan modification under the federal Home Affordable Modification Program ("HAMP"). Kingston sued Wells Fargo in California state court after it denied a modification. Wells Fargo removed the case to this Court and agreed to review plaintiff's request for a loan modification. It "again determined that Plaintiff was not eligible for a HAMP modification, but offered a [Wells Fargo] 'in house' modification, known as MAP2R." Dkt. No. 44 at 3. Wells Fargo promised to grant Kingston a permanent loan modification if she successfully completed a trial payment plan, and Kingston "agreed to dismiss the lawsuit upon

1    being offered a permanent loan modification." Dkt. No. 42 at 2. Ultimately, Wells Fargo "agreed

2    to continue the MAP2R modification." Dkt. No. 44 at 3.

3          Despite these developments, plaintiff filed an amended complaint in January 2015. Dkt.

4    No. 44. Kingston contends she was "forced to accept the MAP2R offer" to avoid losing her home,

5    but insists she qualifies for a HAMP modification. A HAMP modification "would result in

6    monthly payments some $400 to $500 less than the payments under the MAP2R modification."

7    *Id*. at 7. Kingston alleges that Wells Fargo, both intentionally and negligently, failed to meet its

8    duty of care when it considered her HAMP modification. She requests that the Court direct Wells

9    Fargo to provide the duty of care under the California Homeowners Bill of Rights, a "Servers

10   Handbook" related to HAMP, and state case law. *Id*. at 10. She does not seek further

11   modification of her loan.

12         Wells Fargo moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the

13   ground that plaintiff "has not and cannot state any viable claims for relief," because a "lender does

14   not owe a borrower a tort duty of care." Dkt. No. 71 at 3, 6.

## DISCUSSION

16   As a preliminary matter, the Court grants defendant's request for judicial notice, Dkt. No.

17   72, Exhs. A-G, because plaintiff has not objected and because the exhibits are public records

18   showing that diversity jurisdiction existed as of the time this matter was filed. *See* Dkt. No. 72,

19   Exh. A (underlying loan of at least $500,000); *see also* Dkt. No. 59 (amount in controversy at case

20   filing was based on underlying loan). Even if the amount in controversy fell below $75,000

21   during the pendency of this case, the Court did not lose subject matter jurisdiction and can rule on

22   defendant's motion to dismiss. *See Hill v. Blind Indus. and Servs. of Md.*, 179 F.3d 754, 757 (9th

23   Cir. 1999) ("diversity jurisdiction is determined at the time the action commences, and a federal

24   court is not divested of jurisdiction....if the amount in controversy subsequently drops below the

25   minimum jurisdictional level").

26         The amended complaint is dismissed because it does not state enough facts to show a

27   plausible claim against Wells Fargo. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Kingston

28   alleges that defendant Wells Fargo both "negligently" and "intentionally failed to meet its duty of

care in its consideration of Plaintiff's HAMP application." Dkt. No. 44 at 9. The problem is that she fails to allege facts sufficient to show a basis for a duty on the part of Wells Fargo. While it is certainly true that there is no per se rule that a lender never owes a duty to a borrower when handling a loan modification request, it is equally true that a complaint should allege facts sufficient to state a plausible duty. Here, Kingston says only that Wells Fargo owed her a "duty of care in its consideration" of her HAMP application as "set forth and explained" in *Alvarez v. BAC Home Loan Servicing*, 228 Cal. App. 4th 941 (2014). Dkt. No. 44 at 9. But as *Alvarez* makes clear, a lender's duty depends on the balancing of six factors based on the facts of a particular case. 228 Cal. App. 4th at 945, 945 n.5 (listing six factors from *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)). In *Alvarez*, "a duty of care on a lender that undertakes to review a loan for potential modification" was imposed based on an examination of the facts of that case. *Id*. at 948-49.

Kingston cannot simply mention *Alvarez* in lieu of doing the pleading necessary to show how the balancing test tips in her favor. All Kingston provides on that score are vague allegations about her alleged injury from the loan modification process, with basically nothing else addressing the balancing test factors. The Court is hard-pressed to find facts plausibly showing harm or injury, particularly since plaintiff already received a loan modification as a result of this litigation, albeit not a HAMP loan. Plaintiff's prayer for relief does not even request damages.

Consequently, the amended complaint fails to allege a plausible basis for a duty on the lender's part. And even if Kingston had successfully demonstrated that a duty of care was plausible, the amended complaint contains no non-conclusory, factual allegations that might indicate a breach of that duty. Plaintiff claims a number of transgressions by Wells Fargo but fails to offer any factual support for the claims or show that they occurred after a duty arose. The allegations are conclusory and not entitled to the assumption of truth under *Ashcroft*. *See* 556 U.S. at 681.

The Court dismisses the amended complaint in its entirety. Kingston will have a final opportunity to amend the negligence claim. The second claim for "intentional" denial of a duty of care is dismissed without leave to amend, since plaintiff failed to provide any argument justifying

1   this claim in her papers and has effectively abandoned it.  Kingston may not add any new claims
2   without prior approval by the Court.
3           If Kingston chooses to file a second amended complaint, it must be filed no later than June
4   9, 2016.  The Court advises plaintiff and her counsel that all filings must conform to the Federal
5   Rules of Civil Procedure and the local rules of this Court.  *See, e.g.*, Civil Local Rules 3-4, 11-
6   4(a).  Plaintiff's filings have failed to follow the civil local rules of this district in a number of
7   ways.  Filings not in full conformance may be stricken without further consideration.
8           **IT IS SO ORDERED.**
9   Dated: May 13, 2016

_____
JAMES DONATO
United States District Judge